UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLORIA J. MEYERS,

                Plaintiff,                            No. 13-10361

v.

                                        Magistrate Judge R. Steven Whalen

RESIDENTIAL CREDIT SOLUTIONS,
ET AL.,

                Defendants.

_____/

## OPINION AND ORDER

Before the Court is Defendant Residential Credit Solutions' Motion to Dismiss Plaintiff's Corrected Second Amended Complaint or in the Alternative for Summary Judgment [Doc. #27].  For the reasons discussed below, the motion is GRANTED, and Defendant Residential Credit Solutions ("RCS") is DISMISSED WITH PREJUDICE.

### I.   FACTS

This is a mortgage foreclosure case.  On or about January 7, 2013, Plaintiff Gloria Meyers filed a *pro se* civil complaint in the Circuit Court for Wayne County, Michigan. Defendant RCS removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff subsequently retained counsel, who filed a Corrected Second Amended Complaint [Doc. #25] on September 3, 2013.  On September 24, 2013, Plaintiff's counsel filed a motion to withdraw [Doc. #26], and on the same day, Defendant RCS filed the present motion [Doc. #27]. On October 28, 2013, after having given Plaintiff 14 days to respond to counsel's motion to withdraw, and Plaintiff having failed to respond or object, I granted counsel's motion to withdraw [Doc. #29].  On

-1-

November 14, 2013, I ordered Plaintiff, who was now again proceeding *pro se*, to file a response to RCS's motion to dismiss on or before January 10, 2014. The order further stated, "If Ms. Myers does not file a response by that date, the Court will consider Defendant's motion unopposed." [Doc. #30]. To date, Ms. Meyers has not filed a response.

This action arises out of the foreclosure by advertisement and Sheriff's Sale of residential property in the City of Detroit, pursuant to Michigan law.  In 2003, Plaintiff borrowed $78,000.00 from First Franklin Financial Corporation, secured by a mortgage on the property. The mortgage was subsequently assigned to Defendant RCS. The Plaintiff's Corrected Second Amended Complaint raises the following claims: (1) claim for quiet title; (2) three counts of wrongful foreclosure under Michigan law; (3) fraudulent misrepresentation; (4) two counts of breach of contract; (5) promissory estoppel; and (5) invasion of privacy or, in the alternative, violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

The exhibits submitted with RCS's motion tell the following story.  Plaintiff granted a mortgage to First Franklin Financial Corporation ("First Franklin"), as security for a $78,000.00 loan.  On October 13, 2010, First Franklin assigned the mortgage to Defendant RCS. This assignment was recorded with the Wayne County, Michigan Clerk. Plaintiff defaulted on her loan payments, as evidenced by the Notice of Default contained in Defendant's Exhibit D.  The billing statements do not show any charges beyond the contractual amounts, nor do they show "force placed insurance."

Defendant's Exhibit E is a notice that was sent to Plaintiff advising her of her Michigan statutory right, pursuant to M.C.L § 600.3205, to request a mortgage modification meeting. Plaintiff did not request a meeting. Foreclosure by advertisement

ensued, and the property was sold at a Sheriff's sale on December 13, 2012. *See* Defendant's Exhibit F, Sheriff's Deed.  RCS, the purchaser, executed a quitclaim deed to Fannie Mae on December 21, 2012. *See* Defendant's Exhibit K.  The statutory redemption period expired on June 13, 2013.  Plaintiff did not redeem the property.

## II.    STANDARD OF REVIEW

### A.    Rule 12(b)(6)

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)."  In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

The United States Supreme Court has modified the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true."  *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (Internal citations and quotation marks

omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555.  Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]'–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted)

In deciding a motion to dismiss, the Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir.2008) (citation omitted).

### B.    Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary

-4-

judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

-5-

## III.   DISCUSSION

Because the Exhibits submitted with this motion "are referred to in the Complaint and are central to the claims contained therein," *Bassett, supra*, I will consider them in the context of Defendant's request for dismissal under Rule 12(b)(6).[1]

There are numerous deficiencies in Plaintiff's complaint.  First, while she enumerates nine causes of action, she has failed to supply sufficient non-speculative factual support, as required by *Iqbal*.  Moreover, she has failed to respond to this motion, making it unopposed.  Even so, my review of the case shows that the facts of record largely refute Plaintiff's claims.

As to Plaintiff's specific allegations, first, there was no wrongful foreclosure. Plaintiff's allegation that she was not provided written notice of her right to request a loan modification is clearly contradicted by Defendant's Exhibit E.  Rather, it was Plaintiff who failed to comply with M.C.L § 600.3205(b)(1) by not properly requesting a loan modification meeting or submitting any documentation in support.

Pursuant to M.C.L. § 600.3204(3), which requires that "if the party foreclosing the mortgage by advertisement is not the original mortgagee" a record chain of title must exist, First Franklin, the original mortgagee, assigned the case to RCS, and the assignment was duly recorded, in compliance with the statute. Plaintiff does not have standing to challenge the assignment. *See Livonia Properties Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 Fed.App'x 97 (2010).  RCS, as mortgagee, was entitled to conduct the foreclosure.  In addition, as owner of the mortgage, RCS was

---

[1]   Even in the context of summary judgment, the Plaintiff, who has not filed a response despite being ordered to do so, has failed to "make an affirmative evidentiary showing to defeat the motion," and the Defendant's factual allegations, which are supported by its attached exhibits, are taken as true.

2:13-cv-10361-RSW-RSW   Doc # 34   Filed 09/30/14   Pg 7 of 10   Pg ID 605

entitled to foreclose pursuant to M.C.L § 600.3204(1)(d), notwithstanding that it was not the named creditor on the loan. *See Residential Funding Co., LLC v. Saurman*, 490 Mich. 909 (2011).

As to Plaintiff's claim of fraud, she has failed to make such allegation with sufficient particularity, as required by Fed.R.Civ.P 9(b). Her promissory estoppel claim is unaccompanied by any supporting facts in the complaint, and she has not seen fit to offer anything to rebut the Defendant's facts negating any such claim. Moreover, to the extent that Plaintiff is seeking to enforce oral claims regarding modification of a real estate loan or purchase money mortgage, such claim is barred by the statute of frauds, M.C.L. § 566.132(2), which requires that "[a] promise or commitment to renew, extend, modify, or permit delay in repayment or performance of a loan, extension of credit, or other financial accommodation" be made in writing.

In addition, by failing to timely redeem the property, Plaintiff lacks standing to challenge the foreclosure. In Michigan, the failure to redeem the property within the six-month period following a foreclosure by advertisement divests the former owner of all rights to the property. *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 4 N.W.2d 514 (1942) (because "[p]laintiffs did not avail themselves of their right of redemption in the foreclosure proceedings," all "rights in and to the property were extinguished" at the end of the foreclosure period). *Id.* at 187, 4 N.W.2d 514; M.C.L. § 600.3236[2]; *Conlin v.*

---

[2] M.C.L. § 600.3236 provides that with respect to a deed issued after foreclosure by advertisement:

> Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter....

-7-

*MERS,* 714 F.3d 355, 359 (6th Cir.2013) (citing *Piotrowski* ).

In exception to the general rule, "Michigan courts allow 'an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice' in order to keep a plaintiff's suit viable, provided he makes 'a clear showing of fraud, or irregularity' by the defendant.' " *El–Seblani v. IndyMac Mortg. Services,* 2013 WL 69226, *3 (6th Cir. January 7, 2013) (citing *Schulthies v. Barron,* 16 Mich.App. 246, 167 N.W.2d 784, 785 (1969)); *Conlin* at 359. "The standards for obtaining such an extension are stringent." *Id.* In *Conlin, supra* the Sixth Circuit, citing *El–Seblani,* stated:

> "Whether the failure to make this showing [of fraud or irregularity] is best classified as standing issue or as a merits determination, one thing is clear: a plaintiff-mortgagor must meet this 'high standard' in order to have a foreclosure set aside after the lapse of the statutory redemption period."

The fraud must relate to the foreclosure proceeding itself.  *Conlin, supra*.

Plaintiff has not made a plausible claim of fraud. Fed.R.Civ.P.  9(b)  provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy Rule 9(b), a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.,* 547 F.3d 564, 569–70 (6th Cir.2008) (internal quotation omitted).  Plaintiff has not satisfied Rule 9(b).

Finally, Plaintiff has not shown that she would have been prejudiced in the foreclosure sale by any alleged fraud.  In *Kim v. JP Morgan Chase Bank, N.A.*, 493 Mich. 98, 115, 825 N.W.2d 329 (2012), the Court held that to even show that a foreclosure is *void*, "plaintiffs must show that they were prejudiced by defendant's failure to comply with [M.C.L.] 600.3204. To demonstrate such prejudice, they must show that they would

-8-

have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." Here, Plaintiff defaulted on her promissory note.  She would be in no better position to keep her property notwithstanding any generalized claim of fraud in the foreclosure proceeding.

Plaintiff's claim of invasion of privacy for false light requires a showing of "[p]ublicity which places the plaintiff in a false light in the public eye."  *Beaumont v. Brown,* 401 Mich. 80, 95 n. 10, 257 N.W.2d 522 (1977). Plaintiff has not plausibly shown that RCS made any false public statements, or that any statements placed her in a false public light. She defaulted on her loan.  Any public statements were made pursuant to Michigan's foreclosure by advertisement statute, M.C.L.  § 600.3201 *et seq*., and those statements were factual. This claim must be dismissed, as must the claim under the FCRA.

In summary, considering the allegations in the Corrected Second Amended Complaint, the Defendant's Exhibits, and the unrebutted arguments in Defendant's motion, I find that Plaintiff has failed to state any plausible claim for relief.

## IV.   CONCLUSION

Pursuant to Fed.R.Civ.P. 12(b)(6), Defendant Residential Credit Solutions' Motion to Dismiss Plaintiff's Corrected Second Amended Complaint [Doc. #27] is GRANTED, and Defendant Residential Credit Solutions is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: September 30, 2014

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was sent to parties of record on September 30, 2014, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla

Case Manager to the
Honorable R. Steven Whalen